UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SCANNED at PENDLETON and Emailed on
3-23-23 by _MC_ - _12_ pages.
(date)   (initials)   (num)

YONI SOLIS, )
Plaintiff, )
)
)
V. )   Cause No: 2:23-cv-00142-JMS-MG
)
)
CHRISTINA CONYERS, Grievance Specialist )
THOMAS SOLOMON, Corrections Officer )
J. ERNEST, Captain )
DAVIS DENNIS, Corrections Officer )
ERIC HAMMOND, Corrections Officer )
AUSTIN BUNN, Corrections Officer )
Defendants. )
)

**FILED**
**03/23/2023**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

**PRISONER COMPLAINT, 42 U.S.C. 1983 AND
DEMAND FOR A JURY TRIAL**

**I.   INTRODUCTION**

1.  This is a first prisoner complaint as a 42 & 1983 section filed by Plaintiff, Yoni Solis, pro se, DOC # 230528, a state prisoner incarcerated by the Indiana Department of Correction (IDOC), at Pendleton Correctional Facility (PCF), alleging violations of protected rights under the eighth amendment of the United States Constitution of cruel and unusual punishment. Plaintiff request trial by jury as well as compensatory and punitive damages.

**II.   JURISDICTION**

2.  Jurisdiction of this Court is invoked pursuant to 42 & 1983 in that this is a civil action arising under the United States Constitution (U.S.C.), eight amendment and states this action took place in the Southern District of Indiana at the Pendleton Correctional Facility located at 4490 W. Reformatory Rd., Pendleton, Indiana 46064, where all alleged actions and claims giving rise to this action took place.

### III. PARTIES
#### A. PLAINTIFF

3. Plaintiff, Yoni Solis, pro se, DOC # 230528, at all times relevant to this complaint, was confined by the Indiana Department of Corrections at the Pendleton Correctional Facility located at 4490 W. Reformatory Road, Pendleton, Indiana 46064.

#### B. DEFENDANTS

4. Defendant, Christina Conyers, Grievance Specialist, at all times relevant to this action was employed by the Indiana Department of Corrections at the Pendleton Correctional Facility as a Grievance Specialist / correctional officer.

5. Defendant, Officer Salomon, at all times relevant to this action was employed by the Indiana Department of Corrections at the Pendleton Correctional Facility as a correctional officer.

6. Defendant, J. Sergeant Ernest, at all times relevant to this action was employed by the Indiana Department of Corrections at the Pendleton Correctional Facility as a correctional officer.

7. Defendant, Officer Dennis Davis, at all times relevant to this action was employed by the Indiana Department of Corrections at the Pendleton Correctional Facility as a correctional officer.

8. Defendant, Officer Eric Hammond, at all times relevant to this action was employed by the Indiana Department of Corrections at the Pendleton Correctional Facility as a correctional officer

9. Defendant, Officer Austin Bunn, at all times relevant to this action was employed by the Indiana Department of Corrections at the Pendleton Correctional Facility as a correctional officer.

### IV. EXHAUSTION OF AVAILABLE REMEDIES

10. Prisoner are required to exhaust their administrative remedies before they file any action of suit under 1983, see also 42 U.S.C. 1997 e(a) against prisoner conditions as required by the Prison Litigation Reform Act ("PLRA").

11. However, there are exceptions to this rule as to fulfill their burdens pursuant to ***Ross v Blake***, 136 S. Ct. 1850, 1860; 195 L. Ed. 2d 117 (2016) U.S. LEXIS 3614.

12. Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so remedies are not available. See 136 S. Ct. 1860. Accordingly, exhaustion is not required.

13. Ross also specifically states that prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. See 195 L. Ed. 2d 128

14. Plaintiff's filed multiple facility grievances for the underlining complaints and related documents have been attached to this claim to show that the Plaintiff has exhausted his administrative remedies and or those administrative remedies were not and are not *available*. *Ross v Blake,* supra.

### V.   FACTUAL ALLEGATIONS

15. On the 22nd day of August, 2022, Plaintiff was not fed breakfast at the facility upon which he filed a grievance for the very same day to be in the ten day requirement as required by Indiana Department of Corrections policy and or the PLRA. Grievance Specialist, Christina Conyers, who is married to the Major over the facility, Major Mike Conyers, stamped this grievance as being received on August 29, 2022.

16. That same morning of August 29, 2022, around **3:00 AM**, while Plaintiff was sleep, cell location third floor of H-cell house unit, 15-5A, the E-Squad in a team of about five men, arrives at Plaintiff's cell for a ***cell extraction*** commanded by officer Davis Dennis. They (e-squad) were screaming and ***carrying guns*** with rubber bullets with a video recording device, lights, and ***trained attack dogs***.

3

17. Still half a sleep, Plaintiff didn't have a clue as to what was going on when they order him to put his hands behind his back and walk toward them, which Plaintiff immediately obeyed their orders. Officer Solomon pulled Plaintiff arms through the cup port in the cell door behind the Plaintiff's back and hand cuff Plaintiff, tearing something in the Plaintiff's right shoulder.

18. Immediately Plaintiff told the officer that his shoulder got hurt, that the handcuffs were also extremely tight, but the officer ignored Plaintiff. The officers got Plaintiff out his cell and took him to the stair way to go down to the first floor, where they lock him up on one of the bottom showers with the handcuffs still on Plaintiff hands behind his back.

19. Defendants Officer David Dennis, Ernest, Solomon, Bun and Hammond then made Plaintiff strip off his clothes while also being video recorded. Once Plaintiff was on boxers the Defendants Officer David Dennis, Ernest, Solomon, Bun and Hammond put Plaintiff and leaving him in the shower where it was cold and wet.

20. About to 20 to 30 minutes later once again Plaintiff told Officer Dennis that was near to the shower where they have put him in that the hand cuffs were extremely tight and that cuffs were cutting the blood circulation on Plaintiff arms, while also having major pain in his shoulder but Officer Dennis ignored his plea for help.

21. Plaintiff pleaded for help several times to Officer David Dennis who was near the shower, to please remove the handcuffs off of him since he was locked in the shower, but Officer Dennis ignore Plaintiff's plea even when he hear Plaintiff mourning because of the pain.

22. An hour later, while still cuffed, Defendants Officer David Dennis, Ernest, Solomon, Bun and Hammond opened the shower door to get Plaintiff out while still being video recorded, but Plaintiff could not move since the pain on his right shoulder was so intense. The pain was so extreme

4

that when Plaintiff was trying to move his hands and arms he couldn't move, his hands were completely purple since the handcuffs were to tide on Plaintiff.

23. The Defendants Officer David Dennis, Ernest, Solomon, Bun and Hammond forced Plaintiff to go to a dry cell since he could not walk. Once Plaintiff arrived to the dry cell, Defendants Officer David Dennis, Ernest, Solomon, Bun and Hammond removed the handcuffs. However, by that time Plaintiff was in such extreme pain he was to the point of fainting.

24. Defendants Officer David Dennis, Ernest, Solomon, Bun and Hammond made Plaintiff again strip off his clothes again also while being video recorded, for a cavity search, even though this process was done already and nothing was found. However Plaintiff cooperate to the best of his ability since he was in lot of pain due to his shoulder injury.

25. After Plaintiff was finished with the cavity search, Defendants Officer David Dennis, Ernest, Solomon, Bun and Hammond hand cuffed Plaintiff behind his back one more time, even though (1) there was 5 of the officers and (2) his shoulder was severely hurting him causing him even more pain and discomfort on his right shoulder.

26. At that point, Plaintiff asked Defendants Officer David Dennis, Ernest, Solomon, Bun and Hammond to take him to the infirmary since the pain was too much to handle which is now causing Plaintiff difficulties in breathing. At this time, the Defendants stop recording. Plaintiff even asked to be taken in a wheel chair due to the level of distress. However his request was denied, stating he was capable to walk.

27. Once at the infirmary, Nurse Sheriff Agboola gave Plaintiff two Tylenol for pain and told Defendant Officer Hammond to return Plaintiff back to his cell. Plaintiff asked the nurse, Sheriff Agboola, for something else for pain since the tear on the shoulder was causing so much pain, and also to see if they can do an x-ray or some type of check up on the shoulder but was denied.

28.     Nurse Sheriff Agboola instead told Plaintiff to fill a health care request which would cause (1) the Plaintiff to come back to a nurse to be screened before any possible appointment with the doctor could be made severely delaying any possible medical treatment and (2) the medical provider could then charge the Plaintiff with a $5 dollar co-pay. Nurse delayed the Plaintiff being seen by a doctor in a regular visit schedule, ignoring that Plaintiff's pain that was so extreme that it need it to be examined by a doctor at that moment.

29.     Defendant Officer Hammond, as well as one other unknown officer, then escorted the Plaintiff to the DHB building where he was put back in a dry cell one more time where there was no water and or a toilet. Officer Hammond remove hand cuffs off of the Plaintiff and once again, made him strip for **another cavity check** even when they have done once already and had not left their sight.

30.     Plaintiff had cooperated with this officers orders regardless that it was being done to humiliate and degrade even though he had been put in a position where they had caused great physical harm and pain. Plaintiff had also been cuff the entire time by these officers even though he gave them no reason to believe that Plaintiff was a security risk whether to them and or others. This cavity search, this time not video recorded, would again, cause even more pain so extreme that Plaintiff could not get his boxers off very easily.

31.     After Defendant Hammond was done searching the Plaintiff and humiliating him, Defendant Hammond then cuffed the Plaintiff one more time, even though there was no need and or policy to do so since the Plaintiff was going to be left in that dry cell for another 10 minutes prior to being put in the adjacent cell for the next 3 hours. During this period of time of being in the dry cells, Plaintiff remained in cuffs.

32. Plaintiff was confused of why they switch him to that cell since it was just another dry cell, so one more time Plaintiff ask the officers to remove the handcuffs of Plaintiff also ask for some water but Officer Hammond denied his request.

33. Three hours later when Defendant Hammond came back to remove the Plaintiff from the dry cell so that he can go back to his regular cell, Defendant Hammond again did another cavity check which caused the Plaintiff to feel at this time violated, humiliated, intimidated and threaten by this officers. Plaintiff was no threat to them but obeyed their orders, even when Plaintiff knew the orders were illegal and unconstitutional. Plaintiff was finally escorted back by Defendant Hammond and Defendant officer unknown to H cell house where officers finally removed the cuffs off.

34. No confiscations and or conduct reports were made as a result of the Cell Extraction, shake down and cavity searches.

35. As a result of the assault and constitutional deprivations on the 29th, the Plaintiff filed grievance from which the Grievance Specialist, Christina Conyers, stamped received on the 9th of September, 2022, while rejecting said grievance citing *"Staff duties, training and discipline are not part of the Offender Grievance Process"* although the Plaintiff listed no such request, see attached grievance filings.

36. On the 19th day of September, 2022, Plaintiff again attempted to resolve the issues from the assault by filing another grievance citing very specific relief of (1) *"not to be hand cuffed for long periods of time when already secure; (2) not to be retaliated against by IDOC staff"*. This grievance was also received and rejected by Grievance Specialist, Christina Conyers, on the 25th day of October, 2022, for being outside of the ten day restriction.

7

37. However, on the 15th day of September, 2022, Plaintiff also filed a different grievance for additional staff retaliation and or targeting where the Plaintiff was reporting to the Guards Hall for a legal visit with his legal representative, Consulate of Mexico, where he was again, cuffed behind his back by two Internal Affairs officers without notice and or reasoning.

38. This grievance was received and or executed by someone other than Grievance Specialist, Christina Conyers, who allowed the grievance to move forward, grievance # 145582, which resulted in a full exhaustion on the 23rd day of February, 2023.

39. Plaintiff still suffers from the physical injury that was caused by the officers who hand cuff him for more than four hours, while also suffering from the humiliation caused by all officers involved by abuse of authority and power.

40. Plaintiff has been humiliated to the point of having nightmares, anxiety and panic attacks, breathing issues and physical pain from the way officers' conduct. Plaintiff feels violated and scared as a result of what the feels was targeting due to his ethnicity that was intentional and malicious due to the fact that the Plaintiff had done nothing wrong to deserve such punishment.

### VI. CAUSE OF ACTION

**DEFENDANTS VIOLATED PLAINTIFF'S FIRST AND EIGHTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION**

41. Defendant, Christina Conyers, Grievance Specialist, acted in his individual capacity under the color of State law to deny Plaintiff, Yoni Solis, of his First Amendment Rights provided by the United States Constitutional by;

> a. Blocking all grievance filings to the related incidents of the 22nd day of August, 2022, 29th day of August, 2022, and 19th day of September, 2022;

and Eight Amendment Rights provided by the United States Constitutional by;

8

    b. Retaliating against the Plaintiff and notifying other IDOC staff of the grievance filing against another IDOC staff member for not feeding him on the 22nd day of August, 2022;

42. Defendant, Christina Conyers, was deliberately indifferent to the Plaintiff serous medical needs and wanton infliction of pain and suffering.

43. Defendant, Officer Solomon, acted in his individual capacity under the color of State law to deny Plaintiff, Yoni Solis, of his Eight Amendment Right provided by the United States Constitutional against cruel and unusual punishment by;

    a. applying handcuffs to Plaintiff in a reckless manner that could only be meant to inflict wanton pain and suffering upon Plaintiff resulting in possible nerve damage to Plaintiff 'shoulder that will require additional and long term medical care;

    b. denying and or ignoring the Plaintiff pleas to loosen the hand cuffs that was causing extreme pain and suffering due to the inappropriate application of the cuffs;

    c. denying and or ignoring the Plaintiff pleas to not reapply the cuffs while in the secure shower unit and or the dry cells for extended period of times;

44. Defendant, Officer Solomon was deliberately indifferent to the Plaintiff serous medical needs and wanton infliction of pain and suffering.

45. Defendant Ernest acted in his individual capacity under the color of State law to deny Plaintiff, Yoni Solis, of his Eight Amendment Right provided by the United States Constitutional against cruel and unusual punishment by;

    a. denying and or ignoring the Plaintiff pleas to loosen the hand cuffs that was causing extreme pain and suffering due to the inappropriate application of the cuffs;

9

   b. denying and or ignoring the Plaintiff pleas to not reapply the cuffs while in the secure shower unit and or the dry cells for extended period of times;

46. Defendant Ernest was deliberately indifferent to the Plaintiff serous medical needs and wanton infliction of pain and suffering.

47. Defendant Davis Dennis acted in his individual capacity under the color of State law to deny Plaintiff, Yoni Solis, of his Eight Amendment Right provided by the United States Constitutional against cruel and unusual punishment by;

   a. denying and or ignoring the Plaintiff pleas to loosen the hand cuffs that was causing extreme pain and suffering due to the inappropriate application of the cuffs;

   b. denying and or ignoring the Plaintiff pleas to not reapply the cuffs while in the secure shower unit and or the dry cells for extended period of times;

48. Defendant Davis Dennis was deliberately indifferent to the Plaintiff serous medical needs and wanton infliction of pain and suffering.

49. Defendant Bunn acted in his individual capacity under the color of State law to deny Plaintiff, Yoni Solis, of his Eight Amendment Right provided by the United States Constitutional against cruel and unusual punishment by;

   a. denying and or ignoring the Plaintiff pleas to loosen the hand cuffs that was causing extreme pain and suffering due to the inappropriate application of the cuffs;

   b. denying and or ignoring the Plaintiff pleas to not reapply the cuffs while in the secure shower unit and or the dry cells for extended period of times;

   c. allowing the Plaintiff to be subject to multiple cavity searches without cause.

50. Defendant Bunn was deliberately indifferent to the Plaintiff serous medical needs and wanton infliction of pain and suffering.

51. Defendant Hammond acted in his individual capacity under the color of State law to deny Plaintiff, Yoni Solis, of his Eight Amendment Right provided by the United States Constitutional against cruel and unusual punishment by;

    a. denying and or ignoring the Plaintiff pleas to loosen the hand cuffs that was causing extreme pain and suffering due to the inappropriate application of the cuffs;

    b. denying and or ignoring the Plaintiff pleas to not reapply the cuffs while in the secure shower unit and or the dry cells for extended period of times;

    c. forcing the Plaintiff to be subject to multiple cavity searches without cause.

52. Defendant Hammond was deliberately indifferent to the Plaintiff serous medical needs and wanton infliction of pain and suffering.

## VII.   RELIEF REQUESTED

53. Plaintiff requests not to have his First Amendment Rights to the United States Constitution violated by the interference to right to free speech;

54. Plaintiff requests not to have his Eighth Amendment Rights to the United States Constitution violated by retaliation of those in and or under the IDOC authority;

55. Plaintiff requests that the unconstitutional acts conducted and or condoned by the Defendants be declared in the Defendants omissions described herein;

56. For the Defendants to pay compensatory and punitive damages for the unconstitutional actions the Plaintiff suffered as a result of the Defendants actions which were deliberately indifferent to the Plaintiff's serous medical needs and wanton pain and suffering.

Yoni Solis, *pro se*, #230528

## CERTIFICATE OF SERVICE

I hereby certify that on this __23__ day of __March__, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**Indiana Attorney General**
302 W. Washington Street
Indiana Government Center South, Fifth Floor
Indianapolis, IN 46204-2770

_____
Yoni Solis, *pro se, #230528*
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, IN 46064-9001